United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) |
| | ) Criminal Case No. 11-20587-Scola |
| Sandra Huarte, | ) |
| Inmate #: 97267-004 | |
| Defendant. | |

**Order on Motion for Compassionate Release**

Now before the Court is the Defendant Sandra Huarte's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1), requesting that the Court release Huarte from prison due to threat posed by the Covid-19 pandemic. The Court held a hearing on this matter on July 31, 2020. For the reasons set forth below, the Court **grants** the Defendant's motion (**ECF No. 1569**).

### 1. Background

As we all know, the Covid-19 pandemic poses a serious danger to society, and especially to at-risk or vulnerable inmates. In light of this unprecedented situation, Attorney General Barr has urged the Bureau of Prisons to transfer inmates to home confinement where appropriate to decrease the risks to their health. Memorandum from the Attorney General (Apr. 3, 2020). The memorandum states that inmates over 60 years of age with severe pre-existing medical conditions serving sentences for non-violent crimes may be transferred to home confinement. (*Id.* at 2.). Inmates who are not transferred to home confinement by the Federal Bureau of Prisons may also file a motion with the district court requesting compassionate release under 18 U.S.C.A. § 3582(c)(1)(A) due to "extraordinary and compelling" circumstances.

### 2. Exhaustion of Administrative Remedies

"Although § 3582(c)(1)(A) plainly imposes an administrative exhaustion requirement, the United States Supreme Court has held that, even in such circumstances, an exception exists where 'the interests of the individual weigh heavily against requiring administrative exhaustion.'" *United States v. Minor*, Case No. 18-80152 (S.D. Fla. Apr. 17, 2020) (Middlebrooks, J.) (citing *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992)); *see also Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019) ("Even where exhaustion is seemingly mandated by statute . . . , the requirement is not absolute.") Exhaustion is not required where

"resort[ing] to the administrative remedy may occasion undue prejudice to subsequent assertion of a court action. Such prejudice may result, for example, from an unreasonable or indefinite timeframe for administrative action." *McCarthy*, 503 U.S. at 146-47. Here, because of the unprecedented pandemic, which has exploded at Huarte's facility, combined with Huarte's high risk of severe illness or death due to her particularly severe medical conditions, resorting to the administrative remedy may occasion undue prejudice.

### 3. Compassionate Release

Under the relevant Sentencing Guidelines Policy Statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that. . . extraordinary and compelling reasons warrant a reduction." § 1B1.13. The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* at policy stmt. Based on this framework, in order to qualify for compassionate release, the Court must find extraordinary and compelling reasons warrant Huarte's release, that she is not a danger to the community, and consider the factors in 18 U.S.C. § 3553(a).

Courts have repeatedly held that if an inmate has a chronic medical condition that has been identified by the Centers for Disease Control as elevating an inmate's risk of becoming seriously ill from COVID-19, that condition may constitute "extraordinary and compelling reasons." *See, e.g., United States v. Oreste*, Case No. 14-20349 (S.D. Fla. Apr. 6, 2020) (Scola, J.); *United States v. Minor*, Case No. 18-80152 (S.D. Fla. Apr. 17, 2020) (Middlebrooks, J.); *United States v. Platten*, Case No. 08-cr-80148 (S.D. Fla. Apr. 17, 2020) (Middlebrooks, J.); *United States v. Nieves Suarez*, Case No. 18-20175 (S.D. Fla. Apr. 20, 2020) (Cooke, J.). Therefore, the question for the Court is whether Huarte's health conditions coupled with the coronavirus pandemic constitute "extraordinary and compelling" reasons warranting her immediate release.

Huarte is obese and suffers from an acute upper respiratory infection called Legionnaires' Disease. Both her obesity and her Legionnaires' Disease place her at an increased risk of contracting a severe case of the virus, and in May, Coleman, the facility in which she is imprisoned, recommended that she be transferred to home confinement in light of her condition. This decision was later reversed. On July 16, 2020, she tested positive for Covid-19. Her condition is not critical, and earlier today, she tested negative for the coronavirus. Although she has not required hospitalization for this illness thus far, the Court acknowledges the possibility that she could still develop complications from the disease, and crucially, Huarte is still susceptible to catching Covid-19 a second

time. In this case, regardless of whether or not Huarte currently has Covid-19, the compassionate release analysis is the same because she is in danger of contracting the disease again. Based on the increased risk of death posed by COVID-19 pandemic and Huarte's severe health conditions, the Court finds that extraordinary and compelling reasons warrant her release.

The Court must also determine whether Huarte poses a danger to the community and whether the § 3553 factors weigh in favor of her release. Under the relevant Sentencing Guidelines Policy Statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." § 1B1.13. The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* at policy stmt. A jury found Huarte guilty of conspiracy to commit healthcare fraud, giving and receiving kickbacks, and money laundering, and the Court sentenced her to 262 months for her crimes. She has remained in custody since her arrest in 2011 and her projected release date is April 15, 2030. Therefore, she has served 107 months in prison, or roughly 48% of her sentence. Her offense is very serious. She, along with her father and brother, fraudulently billed Medicare for over $11 million, and their scheme involved exploiting dozens of vulnerable substance abusers and elderly people. However, she is the third most culpable defendant after her father and brother, and it appears unlikely she would have participated in such a scheme without their involvement. Moreover, she has served nine long years in prison for her crimes, and therefore the § 3553(a) do not weigh as heavily against her release.

Therefore, the Court **grants** Huarte's motion for release (**ECF No. 1569**).

**Done and ordered** at Miami, Florida, on July 31, 2020.

Robert N. Scola, Jr.
United States District Judge